UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD PRODUCTS LIABILITY LITIGATION | : | MDL DOCKET NO. 2974 |
| | : | |
| This document relates to: | : | 1:20-md-02974-LMM |
| | : | |
| | : | Civil Action No.: _____ |
| vs. | : | |
| | : | |
| TEVA PHARMACEUTICALS USA, INC., ET AL. | : | |
| _____ | : | |

## SHORT FORM COMPLAINT

Come(s) now the Plaintiff(s) named below, and for her/their Complaint against the Defendant(s) named below, incorporate(s) the Second Amended Master Personal Injury Complaint (Doc. No. 79), in MDL No. 2974 by reference. Plaintiff(s) further plead(s) as follows:

1. Name of Plaintiff placed with Paragard: _____

   _____

2. Name of Plaintiff's Spouse (if a party to the case): _____

   _____

3. If case is brought in a representative capacity, Name of Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

    _____

    _____

4. State of Residence of each Plaintiff (including any Plaintiff in a representative capacity) at time of filing of Plaintiff's original complaint:  _____

    _____

5. State of Residence of each Plaintiff at the time of Paragard placement:

    _____

6. State of Residence of each Plaintiff at the time of Paragard removal:

    _____

7. District Court and Division in which personal jurisdiction and venue would be proper:

    _____

    _____

8. Defendants. (Check one or more of the following five (5) Defendants against whom Plaintiff's Complaint is made. The following five (5) Defendants are the only defendants against whom a Short Form Complaint may be filed. No other entity may be added as a defendant in a Short Form Complaint.):

2

      A. Teva Pharmaceuticals USA, Inc.

      B. Teva Women's Health, LLC

      C. Teva Branded Pharmaceutical Products R&D, Inc.

      D. The Cooper Companies, Inc.

      E. CooperSurgical, Inc.

9. Basis of Jurisdiction

    Diversity of Citizenship (28 U.S.C. § 1332(a))

    Other (if Other, identify below):

    _____

10.

| Date(s) Plaintiff had Paragard placed (DD/MM/YYYY) | Placing Physician(s) or other Health Care Provider (include City and State) | Date Plaintiff's Paragard was Removed (DD/MM/YYYY)* <br><br> *If multiple removal(s) or attempted removal procedures, list date of each separately. | Removal Physician(s) or other Health Care Provider (include City and State)** <br><br> **If multiple removal(s) or attempted removal procedures, list information separately. |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

11. Plaintiff alleges breakage (other than thread or string breakage) of her Paragard upon removal.

    Yes

    No

12. Brief statement of injury(ies) Plaintiff is claiming:

    _____

    _____

    Plaintiff reserves her right to allege additional injuries and complications specific to her.

13. Product Identification:

    a. Lot Number of Paragard placed in Plaintiff (if now known):

       _____

    b. Did you obtain your Paragard from anyone other than the HealthCare Provider who placed your Paragard:

       Yes

       No

14. Counts in the Master Complaint brought by Plaintiff(s):

    Count I – Strict Liability / Design Defect

    Count II – Strict Liability / Failure to Warn

    Count III – Strict Liability / Manufacturing Defect

    Count IV – Negligence

    Count V – Negligence / Design and Manufacturing Defect

    Count VI – Negligence / Failure to Warn

4

      Count IX – Negligent Misrepresentation

      Count X – Breach of Express Warranty

      Count XI – Breach of Implied Warranty

      Count XII – Violation of Consumer Protection Laws

      Count XIII – Gross Negligence

      Count XIV – Unjust Enrichment

      Count XV – Punitive Damages

      Count XVI – Loss of Consortium

      Other Count(s) (Please state factual and legal basis for other claims not included in the Master Complaint below):

_____

_____

15.    "Tolling/Fraudulent Concealment" allegations:

    a.    Is Plaintiff alleging "Tolling/Fraudulent Concealment"?

        Yes

        No

    b.    If Plaintiff is alleging "tolling/fraudulent concealment" beyond the facts alleged in the Master Complaint, please state the facts and legal basis applicable to the Plaintiff in support of those allegations below:

_____

_____

5

16. Count VII (Fraud & Deceit) and Count VIII (Fraud by Omission) allegations:

   a. Is Plaintiff is bringing a claim under Count VII (Fraud & Deceit), Count VIII (Fraud by Omission), and/or any other claim for fraud or misrepresentation?

      Yes

      No

   b. If Yes, the following information must be provided (in accordance with Federal Rule of Civil Procedure 8 and/or 9, and/or with pleading requirements applicable to Plaintiff's state law claims):

   i. The alleged statement(s) of material fact that Plaintiff alleges was false: _____

   _____

   ii. Who allegedly made the statement: _____

   _____

   iii. To whom the statement was allegedly made: _____

   _____

   iv. The date(s) on which the statement was allegedly made:

   _____

17. If Plaintiff is bringing any claim for manufacturing defect and alleging facts beyond those contained in the Master Complaint, the following information must be provided:

   a. What does Plaintiff allege is the manufacturing defect in her Paragard? _____

18. Plaintiff's demand for the relief sought if different than what is alleged in the Master Complaint: _____
_____

19. Jury Demand:

    Jury Trial is demanded as to all counts

    Jury Trial is NOT demanded as to any count

s/ _____
Attorney(s) for Plaintiff

Address, phone number, email address and Bar information:

Nicole Berg (IL Bar #6305464)
Ashley Barriere (LA Bar #38129)
Keller Postman, LLC
150 N. Riverside Plaza, Suite 4100
Chicago, IL 60606
312-741-5220
ncb@kellerpostman.com
ashley.barriere@kellerpostman.com

Laura V. Yaeger
(FL Bar #101972)
(TX Bar #24011432)
Yaeger Law, PLLC
4905 34th St S, Suite 310
Saint Petersburg, FL 33747
(727) 202-5015
laura@yourlegalcounsel.net